**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BRIAN EVERSON,**

    Plaintiff,

v.                                                                                        Case No: 5:14-cv-613-Oc-37PRL

**ZURICH AMERICAN INSURANCE COMPANY**

    Defendant.

# ORDER

This case, brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), involves Zurich American Insurance Company's denial of Plaintiff Brian Everson's claim for benefits under his deceased brother's accident policy.  At issue here is Plaintiff's motion to require Zurich to supplement the administrative record in this ERISA case or, alternatively, to permit Plaintiff to conduct limited discovery.  (Doc. 13).

**A. Background**

On October 7, 2012, the decedent, Curtis Everson, died while swimming in the intracoastal waterway in New Smyrna Beach, Florida.  Plaintiff, as beneficiary, made a claim for benefits under the subject accident policy.  By letter dated August 6, 2013, Zurich denied Plaintiff's claim finding that the loss was subject to the "illness/disease exclusion"[1] because the decedent's pre-

---

[1] A loss will not be a Covered Loss if it is caused by, contributed to, or results from:
4.    illness or disease, regardless of how contracted; medical or surgical treatment or disease; or complications following the surgical treatment of illness or disease; except for Accidental ingestion of contaminated foods.

existing heart condition contributed to his death. (Doc. 13-1). On September 6, 2013, Plaintiff sent a letter to Zurich appealing the decision and challenging Zurich's determination that the illness/disease exclusion applied. (Doc. 13-2). Plaintiff pointed out that the Coroner's report listed the "cause of death" as "drowning" and the "manner of death" as "accident." He did not submit any additional evidence. By letter dated November 4, 2013, Zurich affirmed its denial of Plaintiff's claim. (Doc. 13-3).

Plaintiff subsequently retained counsel, David Spain, who on December 17, 2013, sent a letter to Zurich advising that the initial August 6, 2013 denial letter "may have been misleading;" noting that Plaintiff did not have the benefit of the administrative record in preparing his appeal; requesting that Zurich provide him with a copy of the administrative record; and requesting an additional sixty days after receipt of the record to adequately prepare an appeal on Plaintiff's behalf. (Doc. 13-4 at 2). Mr. Spain sent a second letter advising that he had received the administrative record, but still had not heard about his request for an extension of time to prepare his appeal. (Doc. 13-4 at 3). By letter dated February 25, 2014, Zurich advised that it was unable to provide an additional opportunity for appeal nor an extension for an appeal. (Doc. 13-4 at 4).

Nonetheless, Mr. Spain proceeded and obtained an opinion from a forensic medical examiner, Dr. Wright, who after reviewing records, including recuts and autopsy photographs (records, which according to the Plaintiff, were not included in the administrative record), opined that Mr. Everson's death was the result of drowning and it was not caused or contributed to by a heart condition. On June 9, 2014, Mr. Spain sent Dr. Wright's affidavit to Zurich; requested that Zurich supplement the record to include the affidavit and the medical examiner's entire file; and requested that Zurich reconsider its decision based on the additional evidence. (Doc. 13-4 at 7). Mr. Spain sent two more letters to Zurich, but received no response. (Doc. 13-4 at 19, 33).

On November 5, 2014, Plaintiff filed a two-count Complaint against Zurich, seeking payment of death benefits, or alternatively, seeking a remand to require Zurich to consider the supplemental documentation. (Doc. 1). Pursuant to the Court's Case Management and Scheduling Order (Doc. 11), Zurich provided Plaintiff with a copy of the administrative record which ends at Zurich's determination of Plaintiff's appeal on November 4, 2013. Now, Plaintiff requests that the Court order Zurich to supplement the administrative record to include his requests for extension to supplement the record; the denials of the requests to extend or consider the information; and the opinions of Plaintiff's expert; or alternatively, Plaintiff seeks leave to conduct limited discovery related to Zurich's admitted conflict of interest. Zurich objects and argues that these additional records are not relevant because they post-date Zurich's final decision upholding the denial of benefits.

**B. ERISA Framework**

ERISA does not provide a standard for courts to review administrators' plan determinations, but "the Supreme Court articulated a framework for judicial review, which [the Eleventh] circuit has distilled into a six-part test." *Melech v. Life Ins. Co. of N. Am.*, 739 F.3d 663, 672 (11th Cir. 2014). The test requires the reviewing court to:

(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "de novo wrong" and he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Blankenship v. Metropolitan Life Ins. Co.*, 644 F.3d 1350, 1355 (11th Cir. 2011).[2]

In this case, the parties agree that Zurich is vested with discretion in reviewing the claims and there is no dispute that the Court should proceed under the arbitrary and capricious standard to determine whether reasonable grounds support Zurich's benefits decision. In addition, Zurich concedes that it has a conflict of interest – i.e., it both determines eligibility under the plan and pays the claim from its own assets – and thus, the conflict is one factor the court must consider in its arbitrary and capricious analysis. *See id.*

**C. Discussion**

Like other civil matters, discovery in ERISA cases is governed by Rule 26(b) which permits discovery only of "[r]elevant information" and the discovery must "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1162-63 (10th Cir. 2010); *Featherstone v. Met. Life Ins. Co.*, 223 F.R.D. 647, 651 (N.D. Fla. 2004).

As a general rule, the court's review of an administrator's benefits decision under the arbitrary and capricious standard is limited to the information available to the administrator at the time it made the decision. S*ee Herman v. Hartford Life and Accident Ins. Co.,* 508 Fed.Appx.

---

[2] In his motion, Plaintiff incorrectly refers to the "heightened arbitrary and capricious" standard which is no longer applicable. *See Doyle*, 542 F.3d at 1359-60 (modifying the sixth step's "heightened" review and shifting the burden of proof about the influence of a conflict of interest from the administrator to the prospective beneficiary based on the Supreme Court's decision in *Metro Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008)).

923, 927 (11th Cir. 2013); *Blankenship*, 644 F.3d at 1354. "[T]he rule against consideration of extra-record materials to determine a claimant's eligibility for benefits prevents post-hoc relitigation of the substantive claim and encourages a full development of the record before the administrator." *Bloom v. Harford Life and Accident Ins. Co.*, 917 F.Supp.2d 1269, 1277 (S.D. Fla. 2013)(citing *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308 (10th Cir. 2007)).

However, courts have permitted discovery regarding a plan administrator's conflict of interest and the effect it has on the benefits decision. *See e.g.*, *Howard v. Hartford Life & Acc. Insur. Co.*, 929 F.Supp.2d 1264, 1289 (M.D. Fla. 2013); *Bloom,* 917 F.Supp.2d at 1277. When, as here, there is an admitted conflict of interest, the court must weigh the conflict as one factor during the arbitrary and capricious review. *Doyle*, 542 F.3d at 1355. "The effect a conflict of interest will have on review of a benefits determination 'will vary according to the severity of the conflict and the nature of the case.'" *Howard*, 929 F.Supp.2d at 1301 (quoting *Blankenship*, 644 F.3d at 1355). Courts have recognized that discovery may be appropriate (and necessary) for the parties and court to properly evaluate the conflict of interest and its effect on the benefits decision. *See e.g., Murphy v. Deloitte & Touche Grp. Ins. Plan,* 619 F.3d 1151, 1158 (10th Cir. 2010)(noting that without discovery: a claimant may not have access to the information necessary to establish the seriousness of the conflict; the administrator may not be able to fully rebut a claim; and the district court may not be able to properly weigh the conflict of interest).

Here, Plaintiff argues that Zurich's conflict of interest is evidenced by the "misleading" August 6, 2013 letter, Zurich's denials of his requests for extensions of time to supplement the record, and Zurich's refusal to consider the additional medical evidence, none of which are currently included in the administrative record. I am disinclined to order Zurich to supplement the administrative record with these documents. Indeed, Plaintiff cites no case in which such

- 6 -

relief was granted.   However, I find that Plaintiff should be permitted to conduct limited discovery regarding the scope and impact of Zurich's admitted conflict of interest.[3]

**DONE** and **ORDERED** in Ocala, Florida on April 15, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] I am not, however, addressing the ultimate admissibility of the documents, nor whether the court will consider them in its arbitrary and capricious review.  *See e.g., Bloom v. Hartford Life and Accident Ins. Co.,* 917 F.Supp.2d 1269, 1277 (S.D. Fla. 2013)(approving consideration of extrinsic evidence in its arbitrary and capricious review of ERISA benefits decision but noting "[t]he Eleventh Circuit has not yet weighed in on the matter" of the court's consideration of extra-record materials).